IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 15-1126-GMS |
| HTC CORP. and HTC AMERICA, | ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO DISMISS FOR IMPROPER VENUE**

OF COUNSEL:
John Schnurer
Kevin Patariu
Ryan Hawkins
Louise Lu
Vinay Sathe
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130
(858) 720-5700

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101
(206) 359-8000

Dated: April 21, 2016

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

Philips' opposition to Defendants' joint motion to dismiss for improper venue (D.I. 17, hereinafter "Opposition") urges the Court to ignore Supreme Court precedent and rely upon a 1990 Federal Circuit case interpreting a statute that was amended in 2011. Since that amendment, no Federal Circuit case has considered whether the reasoning of *VE Holding v. Johnson Gas Appliance Co.*[1] continues to apply. But as recently as 2013, in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*,[2] the Supreme Court reaffirmed its long-standing position that pursuant to § 1400(b), corporate residency for patent cases should be defined differently than in other suits. Philips cannot reconcile its position with Supreme Court precedent, and barely addresses this recent and explicit statement from our highest court in its briefing.

Defendants filed an abbreviated, joint motion on this issue to preserve their rights pending the outcome of the Federal Circuit mandamus petition in *In re TC Heartland*.[3] Not only do Defendants believe that the Court should await the Federal Circuit's decision before deciding this Motion, but Philips apparently agrees. Should the Court opt to decide this Motion before the Federal Circuit rules in *TC Heartland*, however, it should find that venue is improper in this district for the reasons stated below and in Defendants' Motion.

---

[1] 917 F.2d 1574 (Fed. Cir. 1990).
[2] 134 S. Ct. 568 (2013).
[3] Since Defendants filed their joint venue motion, Philips has filed a First Amended Complaint (D.I. 16). Philips' venue allegations are substantively identical across both complaints, however, and the parties agree that the First Amended Complaint did not moot Defendants' joint venue motion. To avoid cluttering the record with redundant pleadings, the parties agreed that Defendants' joint venue motion should remain pending and briefing on the motion should proceed according to the original briefing schedule, notwithstanding the First Amended Complaint.

I.     **THE 2011 AMENDMENT NARROWED THE SCOPE OF § 1391**

As set forth in Defendants' Motion, the Supreme Court has consistently stated that § 1400 is the controlling venue statue for patent cases, and has also defined corporate residency under § 1400(b) to mean the state of incorporation only.[4] Philips does not appear to contest these facts, but instead suggests that the Court can simply ignore them.

The question posed by Defendants' Motion is whether the current residency provisions in the general venue statute, 28 U.S.C. § 1391 as amended in 2011, override the Supreme Court's interpretation of corporate residency for patent cases under 28 U.S.C. § 1400. In 1991, the Federal Circuit held in *V.E. Holding* that § 1391 made the question moot in light of a 1988 amendment to § 1391.[5] According to the Federal Circuit, the 1988 amendment—which applied § 1391(c)'s definition of corporate residency "for the purposes of venue under this chapter"— brought all of Chapter 28 of the U.S.C. within the scope of § 1391(c), including 28 U.S.C. § 1400(b).

In 2011 – twenty years after *V.E. Holding* – Congress amended § 1391 again. It removed the "for the purposes of venue under this chapter" language from § 1391(c). It instead added that § 1391, in its entirety, should now apply only "except as otherwise provided by law." In other words, whereas the 1988 amendment arguably reflected Congressional intent to apply § 1391(c)'s definition of corporate residency across all of Chapter 28, this language was removed in 2011, and replaced with language that subordinates § 1391 in its entirety to other competing

---

[4] *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 707 n.2 ("Petitioner does not 'reside' in Oregon, because the residence of a corporation for purposes of § 1400(b) is its place of incorporation.") (citing *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957) ("'[R]esident' . . . . in respect of corporations, mean[s] the state of incorporation only.")).
[5] *VE Holding*, 917 F.2d at 1579-80.

venue provisions. The Federal Circuit has not yet considered how these changes affect the interplay between §§ 1391 and 1400.

Philips argues that this amendment was inconsequential, and that in any case, § 1391 presently does not conflict with § 1400(b), because § 1400(b) "does not contain any definition of the term 'resides,' much less a conflicting one." Philips evidently concedes that § 1391 would be subordinate to § 1400(b), if § 1400(b) expressly defined "residency"—a red herring, because the Supreme Court has already done so. This Court must determine according to the canons of statutory interpretation whether to import § 1391's definition of "resides" into § 1400(b). Following the 2011 amendment, it cannot. As Philips tacitly concedes, this amendment narrowed § 1391(c), rendering § 1391 subordinate to other venue provisions found "at law," including competing definitions within the same chapter. Where a statute applies unless "otherwise provided by law," it is a canon of statutory interpretation that this language subordinates the statute to any competing statute, and also any case law interpreting the statute.[6] Indeed, Congress could have easily amended § 1391 to apply "unless otherwise provided *in this chapter*," but it did not. It chose to subordinate § 1391 to not just the rest of Chapter 28, but the entirety of the law.[7] This draws § 1391(c), and *VE Holding*, into direct conflict with Supreme Court precedent construing residency under § 1400(b).

---

[6] *Warren v. United States*, 340 U.S. 523, 526 (1951) ("The term "law," in our jurisprudence, usually includes the rules of court decisions, as well as legislative acts.") (*citing Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Berry v. Potter*, No. 04-2922 PHX RCB, 2006 WL 335841, at *2 (D. Ariz. Feb. 10, 2006) (determining a special venue statute for Title VII claims "and its interpretive case law" superseded a general venue statute, where the statute was limited by the clause "except as otherwise provided by law."); *accord Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15-16 n.15 (1987).

[7] Note that this interpretation is also consistent with Philips' cited legislative history. Opposition at 11-12. The legislative history accords with Supreme Court precedent that § 1391 should "not displace the special venue rules that govern under particular Federal statutes," such as those found in § 1400. Thus, whereas § 1391(c) should "apply to all venue [] statutes, including venue

## II. PHILIPS CANNOT RECONCILE ITS POSITION WITH THE SUPREME COURT'S DEFINITION OF "RESIDES"

There can be no dispute that § 1391(c) is in direct conflict with § 1400(b), as that statute has been construed by the Supreme Court. Not only has the Supreme Court consistently defined corporate residency under § 1400(b) differently than it is defined in § 1391(c), the Court has done so as recently as 2013.[8] Philips' Opposition never addresses *Atlantic Marine*, except in a footnote, where it contends that *Atlantic Marine* is irrelevant because § 1391(c) and § 1400(b) are not competing venue statutes.[9] This argument fails for two reasons. First, as explained above, § 1391's definition of corporate residency conflicts with the Supreme Court's interpretation of corporate residency under § 1400(b). Second, *Atlantic Marine*'s statement was not directed at competing statutes, generally. Rather, the Supreme Court expressly listed § 1400 as an example where "a more specific venue provision" supersedes § 1391.[10] Indeed, *Atlantic Marine* is the only Supreme Court or Federal Circuit opinion that has considered the relationship between these two Sections since the 2011 amendment. Philips' virtually nonexistent discussion of *Atlantic Marine* in its Opposition speaks volumes; to maintain its position, Philips must sidestep the only controlling, post-amendment authority.

*Atlantic Marine* is far from an outlier; it repeats a position that the Court has taken for decades. Philips distinguishes earlier Supreme Court cases—*Fourco Glass Co. v. Transmirra Prods. Corp.*[11] and *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*[12]—because they refer to

---

provisions that appear elsewhere in the United States Code," i.e., where the law is silent, it should "not displace" alternative definitions of corporate residency found at law.
[8] 134 S.Ct. 568, 577 n.2 (2013).
[9] Opposition at 9, n.3.
[10] *Atlantic Marine*, 134 S.Ct. at 577 n.2.
[11] 53 U.S. at 229 ("We hold that 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c).").

an earlier, pre-amended version of § 1391. But ever since 2011, the same has been true of *V.E. Holding*. In fact, the only action taken on this issue by the Federal Circuit since 2011—ordering oral argument on a petition for writ of mandamus in *TC Heartland*—draws *V.E. Holding*'s continued viability into question.

Indeed, it was not until *Atlantic Marine* in December, 2013, that the conflict between § 1400(b) and the as-amended version of § 1391(c) became crystallized. Before that time, neither the Supreme Court nor the Federal Circuit had discussed the relationship between §§ 1391 and 1400 since the amendment. Not one of the opinions cited in Philips' Opposition to support its position—including *Devicor Med. Prods., Inc. v. Biopsy Sci., LLC*[13]—was decided after *Atlantic Marine*, nor had any of those courts had an opportunity to consider the impact of *Atlantic Marine* upon this question. The lone exception is the *Kraft Foods* case, which the Federal Circuit took under review and, in a highly unusual step, *sua sponte* requested oral argument on a mandamus petition.

There is no question that the Federal Circuit has never expressly ruled on the import of the 2011 amendments to § 1391. In contrast, the Supreme Court has long held that § 1391 should not be read into § 1400, and has offered a different definition of corporate residency for patent cases. Philips' argument defies this long line of Supreme Court precedent, including the Court's most recent statement on the matter. Supreme Court precedent is controlling, particularly given that the newly-amended version of § 1391 applies "except as otherwise provided by law."

---

[12] 406 U.S. at 707 n. 2 (1972) ("Petitioner does not 'reside' in Oregon, because the residence of a corporation for purposes of [§] 1400(b) is its place of incorporation.").
[13] C.A. No. 10-1060-GMS, 2013 WL 486638 (D. Del. Feb. 7, 2013).

### III. THE PARTIES AGREE THAT THE COURT SHOULD POSTPONE JUDGMENT IN LIGHT OF THE PENDING FEDERAL CIRCUIT REVIEW

As both Defendants and Philips stated, the Court would benefit from reserving judgment on this Motion until the Federal Circuit rules on the pending petition for writ of mandamus in *In re TC Heartland*.[14] As noted in the Opposition, Philips volunteered to defer briefing on this Motion until after the Federal Circuit's decision issues.[15] Defendants declined the invitation, believing that this Motion should be fully-briefed by the time the Federal Circuit speaks, so the Court can either decide the question or determine whether another round of supplemental briefing is warranted. Nonetheless, all parties apparently agree that a decision on this question would best be decided after the Federal Circuit releases its opinion in *In re TC Heartland*.

If the Court should decide to consider the question now, however, it should find that Philips did not plead sufficient facts to establish corporate residency in Delaware and should dismiss the Complaint, as discussed above.[16]

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion to dismiss for improper venue.

---

[14] *See In re T.C. Heartland*, Case No. 16-105 (Fed. Cir. 2016).

[15] Opposition at 3.

[16] Philips requests that it be allowed to take additional venue-related discovery to determine whether venue is proper under § 1400, should the Court grant this Motion. Opposition at 14. But Philips' Complaints (original and amended) are facially insufficient to establish venue under § 1400, and Philips concedes as much. If the Court agrees that § 1400 controls venue here, the Court should decline Philips' request to take discovery in an effort to backfill the record to manufacture venue. Instead, the Court should dismiss the complaints so that Philips can re-file them in whichever venue is appropriate under § 1400.

|  |  |
|---|---|
| OF COUNSEL:<br>John Schnurer<br>Kevin Patariu<br>Ryan Hawkins<br>Louise Lu<br>Vinay Sathe<br>PERKINS COIE LLP<br>11988 El Camino Real, Suite 350<br>San Diego, CA 92130<br>(858) 720-5700<br><br>Ryan McBrayer<br>Jonathan Putman<br>PERKINS COIE LLP<br>1201 Third Avenue<br>Suite 4900<br>Seattle, WA 98101<br>(206) 359-8000<br><br>Dated: April 21, 2016 | Respectfully submitted,<br><br>*/s/ Karen E. Keller*<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendants* |