IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>        Plaintiffs,<br><br>        v.<br><br>HTC CORP. and HTC AMERICA, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1126 (GMS) |

**HTC'S OPENING BRIEF IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

OF COUNSEL:
John Schnurer
Kevin Patariu
Ryan Hawkins
Louise Lu
Vinay Sathe
PERKINS COIE LLP
11988 El Camino Road, Suite 350
San Diego, CA 92130
(858) 720-5700


Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants*

Dated: April 28, 2016

# TABLE OF CONTENTS

**PAGE**

I.  NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF THE ARGUMENT ................................................................................ 1

III. LAW ................................................................................................................................ 1

    A. FORM 18 PLEADING IS INSUFFICIENT ............................................................. 2

    B. THE NEW RULES REQUIRE PLAINTIFFS TO PLEAD AT LEAST
       THE SPECIFICALLY ASSERTED CLAIMS, FACTS REGARDING
       EVERY LIMITATION, AND THE SPECIFICALLY ACCUSED
       DEVICES ................................................................................................................... 3

IV. STATEMENT OF THE FACTS ...................................................................................... 5

V.  ARGUMENT .................................................................................................................... 5

    A. PHILIPS' DIRECT INFRINGEMENT ALLEGATIONS SHOULD BE
       DISMISSED FOR FAILING TO FULLY EXPLAIN WHICH
       PRODUCTS ALLEGEDLY INFRINGE, OR WHICH CLAIMS ARE
       ASSERTED ................................................................................................................. 6

         1. THE FAC SHOULD BE DISMISSED FOR IDENTIFYING
            ONLY EXEMPLARY ASSERTED PRODUCTS .................................... 6

         2. THE FAC SHOULD BE DISMISSED FOR IDENTIFYING
            ONLY EXEMPLARY ASSERTED CLAIMS ........................................ 7

         3. PHILIPS' "EXAMPLE" ONLY ALLEGATIONS HAVE
            PREJUDICED HTC'S DEFENSE ........................................................... 8

    B. PHILIPS' CONTRIBUTORY INFRINGEMENT ALLEGATIONS
       SHOULD BE DISMISSED .................................................................................... 10

    C. PHILIPS' SHOULD NOT BE GRANTED LEAVE TO AMEND ..................... 14

VI. CONCLUSION ............................................................................................................... 14

i

# TABLE OF AUTHORITIES

CASES                                                                                              PAGE(S)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................... passim

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................... passim

*Bender v. LG Elecs.*,
    2010 WL 889541 (N.D. Cal. Mar. 11, 2010)......................................................................4, 7

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
252 F.3d 267, 273 (3d Cir. 2001)...............................................................................................14

*Gasoline Sales, Inc. v. Aero Oil Co.*,
39 F.3d 70, 74 (3d Cir. 1994).....................................................................................................14

*HSM Portfolio LLC v. Fujitsu Ltd.*,
    No. CV 11-770-RGA, 2014 WL 4468088 (D. Del. Sept. 9, 2014) ...................................11, 13

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)........................................................................................ passim

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013).................................................................................................2

*Macronix Int'l Co. v. Spansion Inc.*,
    4 F. Supp. 3d 797, 803 (E.D. Va. 2014) .........................................................................4, 7, 8

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)..................................................................................................3

*MIH Int'l LLC v. Banyan Health Care Products Inc.*,
    No. 13-1330-RGA, slip op. (D. Del. May 28, 2014) ..............................................................13

*Pragmatus AV, LLC v. TangoMe, Inc.*,
    No. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013)................................................12

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
    2012 WL 2700495 (D. Del. July 5, 2012) ..............................................................................12

**TABLE OF AUTHORITIES**
(Continued)

CASES                                                                        PAGE(S)

*Raindance Tech., Inc. v. 10X Genomics, Inc.*,
    No. 15-152-RGA.........................................................................................4

*Rolo v. City Investing Co. Liquidating Trust*,
155 F.3d 644 (3d Cir. 1998)......................................................................14

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
    2011 WL 1706136 (N.D. Ill. May 5, 2011)...........................................3

*Wistron Corp. v. Phillip M. Adams & Associates, LLC*,
    2011 WL 4079231 (N.D. Cal. Sept. 12, 2011)...............................4, 6, 7

STATUTES

35 U.S.C. § 271(c) ................................................................................ passim

OTHER AUTHORITIES

Rule 84 ....................................................................................................2, 3

## I.       Nature and Stage of the Proceedings

On December 7, 2015, Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips") filed a Complaint alleging that Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") infringe 10 patents.[1] (D.I. 1 at 1.)  On March 9, 2016, HTC filed a motion to dismiss Philips' Complaint. (D.I. 10.)  Instead of responding to that motion, Philips filed a First Amended Complaint ("FAC") on April 11, 2016. (D.I. 16.)

## II.       Summary of the Argument

Pleading in patent cases using Form 18 is gone.  The Supreme Court has confirmed that Form 18 — which the Federal Circuit allowed after *Twombly* and *Iqbal* to be a permissible way of pleading a patent case by reciting virtually no factual detail — is no longer an approved Form or sufficient pleading.  As of December 2015, patent owners must now plead all the factual detail required under *Twombly* and *Iqbal* and thereby give a defendant fair notice of the full scope of the case and its plausibility.  Pleading just some of the patent claims the plaintiff plans to assert and some of the accused devices and/or application programs with  "for example"  language is no longer sufficient.  Philips, however, makes widespread use of "example" allegations in its FAC.  Because Philips has not conducted an adequate pre-filing investigation or specifically pled all patent claims and all accused devices and software within the scope of its case, Philips' purported case beyond its examples should be dismissed.

## III.     Law

Philips filed its original and amended complaints *after* the law regarding pleading in patent cases changed, and neither complaint satisfies the new pleading standard.

---

[1] United States Patent Nos. RE 44,913 ("the '913 Patent"), 6,690,387 ("the '387 Patent"), 7,184,064 ("the '064 Patent"), 7,529,806 ("the '806 Patent"), 5,910,797 ("the '797 Patent"), 6,522,695 ("the '695 Patent"), RE 44,006 ("the '006 Patent"), 8,543,819 ("the '819 Patent"), 6,772,114 ("the '114 Patent"), and RE 43,564 ("the '564 Patent") (collectively, "Patents-in-Suit").

A.      **Form 18 pleading is insufficient.**

Form 18 was an example patent complaint that dated to 1937, and was previously

deemed sufficient under Rule 84.  It required a patent plaintiff to plead only five elements: (1) an

allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that

the defendant has been infringing the patent by making, selling, and using a device embodying

the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement;

and (5) a demand for an injunction and damages.  *In re Bill of Lading Transmission &*

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).  It was a classic example of

notice pleading.

However, the Supreme Court struck down this "bare bones" pleading in 2007.  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In its place, the Supreme Court established the

"plausibility standard," holding that plaintiffs must allege facts sufficient "to state a claim to

relief that is *plausible* on its face."  *Id.* (emphasis added).  This requires a plaintiff to plead "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action" or

"unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Id.* at 555.  Two years later,

the Supreme Court repeated that threadbare notice pleading was gone.  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice.").

The plausibility standard was not widely adopted in patent cases, however, because the

Federal Circuit felt constrained to permit the continued use of Form 18.  *See K-Tech*

*Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013)

("Any changes to the Federal Rules of Civil Procedure 'must be obtained by the process of

amending the Federal Rules, and not by judicial interpretation.'" (*quoting Leatherman v. Tarrant*

*Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)).  Form 18

complaints, at least in patent cases, were still sufficient. *In re Bill of Lading*, 681 F.3d at 1334; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) ("to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control.").

The Advisory Committee for the Federal Rules of Civil Procedure accordingly moved to update patent pleading practices and eliminate Form 18. The Advisory Committee remarked that the Appendix of Forms "illustrate[d] a simplicity of pleading that has not been used in many years…. [T]he increased complexity of most modern cases have resulted in a detailed level of pleading that is far beyond that illustrated in the forms." Memo from Judge Jeffrey Sutton, Proposed Amendments to the Federal Rules of Civil Procedure, at 19 (June 14, 2014). On April 29, 2015, the Supreme Court adopted the Committee's proposal and thereby abrogated Rule 84 and the associated Appendix. The order specified that the changes would go into effect and be controlling in all cases that commenced after December 1, 2015. Philips filed its original complaint on December 7, 2015.

**B.    The new rules require plaintiffs to plead at least the specifically asserted claims, facts regarding every limitation, and the specifically accused devices.**

Several different classes of cases establish that the post-Form 18 pleading standard requires that a patent complaint must set forth, at a minimum: (1) the specific products accused; (2) the specific claims asserted; and (3) facts concerning every asserted claim limitation.

First, even under the now-abrogated Form 18 standard, plaintiffs were required to specify which specific products were accused. *See*, *e.g.*, *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 1706136, at *3 (N.D. Ill. May 5, 2011) (dismissing direct infringement claims under Form 18 standard because "at a minimum, the plaintiff must plead which of the defendant's products is at issue.").

District courts scrutinizing complaints after *Twombly* and *Iqbal* have required this level of specificity.  For example, in *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 2011 WL 4079231, at *1 (N.D. Cal. Sept. 12, 2011), the court dismissed the patent owner's direct infringement claims for failing to specify which of the defendants products allegedly infringed. *Id.* ("most courts have, in the wake of *Twombly* and *Iqbal*, required some level of specificity regarding the accused product, *i.e.*, beyond the generic descriptions such as those employed by [patent owner] ('computer chips, motherboards, computers')."  Likewise, in *Bender v. LG Elecs.*, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010), the court noted that that "[s]everal recent district court cases have held that the factual allegations in a patent infringement complaint must identify the specific products accused."  The court in *Bender* dismissed the plaintiff's direct infringement claims because, "without identifying specific products or product parts, [plaintiff] has not put [d]efendants on notice as to what products or parts are subject to the infringement claim for failing to identify the specific accused products."  *Id.*, at *1.

The *Twombly/Iqbal* standard also requires a plaintiff to specifically list the patent claims asserted.  *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 803 (E.D. Va. 2014) ("Satisfying the requirements of *Twombly* and *Iqbal*, of course, will require counsel to focus complaints only on viable claims.  Thus, before filing a complaint, counsel must ascertain exactly what claims should alleged to be infringed and how they are infringed.").

Finally, one very recent case from this District, decided since the standard changed, dismissed a complaint in its entirety because the plaintiff alleged infringement at a high level and did not allege facts that might establish every claim limitation was satisfied.  *See Raindance Tech., Inc. v. 10X Genomics, Inc.,* No. 15-152-RGA, (D.I. 28) at *3-5 (D. Del. Mar. 4, 2016) (dismissing plaintiff's patent complaint for failing to meet the heightened *Twombly*/*Iqbal*

standard after noting that, for instance, the claims recited limitations related to "pressure" that the complaint did not address).

## IV.     Statement of the Facts

Under *Twombly/Iqbal*, Philips' FAC is deficient for a number of reasons. First, it does not specify which of HTC's dozens of recent products and hundreds of software applications are at issue in the case. Instead, it alleges that HTC's "smartphones and tablet computers that include hardware and/or software containing functionality covered by one or more claims of the [10 asserted] patents" infringe. (D.I. 16 (FAC) at ¶ 33.) Then, for each patent, Philips identifies only a short list of exemplary devices. (*E.g.* D.I. 16 at ¶ 136 ("including, without limitation, the HTC One family of smartphones ('the '819 Accused Devices').").) It also names only example programs for some patents. (*E.g.* D.I. 16 at ¶ 91 "Internet browser and/or a video playback application such as YouTube.")

Philips' FAC also fails to specify which of the 148 claims in the 10 patents that it alleges are infringed. Instead, for each patent, the FAC summarizes one or more "example" patent claims and alleges that HTC infringes "at least" those claims. Such vague and broad pleadings are no longer sufficient.

## V.     Argument

Philips' FAC does not satisfy the *Twombly/Iqbal* standard that now firmly controls patent cases. Philips' direct infringement allegations accuse only a subset of exemplary claims and accused products, leaving open the possibility that many more claims may be added to the case later, and leaving HTC in the dark without fair notice of the full scope of the case. As for indirect infringement, Philips' allegations merely parrot the legal elements and do not allege facts that would support the allegations. For at least these reasons, the FAC should be dismissed for failure to state a claim.

**A.      Philips' direct infringement allegations should be dismissed for failing to fully explain which products allegedly infringe, or which claims are asserted.**

Philips accuses an undefined, exemplary subset of HTC's products of infringing a handful of the 148 claims recited in the 10 asserted patents.  This is inadequate under *Twombly* and *Iqbal*.  With the abrogation of Form 18, it is no longer sufficient to accuse one exemplary product of infringing "one or more" claims, particularly where the defendant's products are publicly available.  Philips should have identified accused products based on publicly-available information prior to filing.  Its failure to do so deprives HTC of fair notice and opportunity to prepare defenses equal to the scope of Philips' still-unstated case.  This is precisely the situation that *Twombly* and *Iqbal* intended to prevent.

**1.      The FAC should be dismissed for identifying only exemplary asserted products.**

Generalized pleadings that identify only exemplary asserted products are insufficient under *Twombly* and *Iqbal*.  For instance, in *Wistron*, the plaintiff broadly defined the accused products as "computer chips, motherboards, computers and other products" and provided only an "example" of one product that allegedly infringed.  *Wistron*, 2011 WL 4079231 at *1.  The court dismissed the complaint under *Twombly* and *Iqbal*.  *Id*. at *4.  Similarly, in *Bender*, the patent owner accused "categories of products" produced by the defendants "by way of example and without limitation."  *Bender*, 2010 WL 889541 at *2.  The court dismissed that complaint under *Twombly* and *Iqbal* as well.  *See id.*

Philips' FAC fails for the same reasons, i.e., it accuses only non-limited, exemplary categories of products and software.  The FAC provides three definitions for the accused products, all of which are deficient.  First, in ¶ 33, Philips broadly accuses HTC's "smartphones and tablet computers that include hardware and/or software containing functionality covered by one or more claims of the [10 asserted] patents."  This definition could potentially cover all of

HTC's products and software.   Philips narrows the list somewhat in ¶ 34, providing a list of "[n]on-limiting examples of [allegedly infringing] smartphones and tablet computers." However, Philips fails to explain which of these products allegedly infringe which of the asserted patents.   Finally, for each patent, Philips provides an "example" infringing product (*e.g.* "the HTC One M8") followed by a non-limiting exemplary list of product "families" (*e.g.* "the HTC One family") and software that allegedly infringe.   (*See*, *e.g.*, D.I. 16 at ¶ 92, 136, and 161.)   But it is entirely unclear what products fall within Philips' definition of these families of products and software—Philips could be alleging that 5 products or 50 products infringe, and it might accuse an almost-infinite number of combinations of software versions that have been on those products accused of infringement.

All of HTC's devices and, for almost all functionalities Philips may be accusing in software, the application programs are public and visible to Philips.   Philips can and should allege, with specificity, which of HTC's devices are going to be at issue in the case.   As in *Wistron* and *Bender*, there is no need to plead broad classes of products, where these products can be readily tested (especially when Philips does not allege that they are linked by common attributes).   Pleading "example" products and software does not provide the reasonable particularity required by *Twombly*.   *Bender,* 2010 WL 889541 *at \*2.*

## 2.    The FAC should be dismissed for identifying only exemplary asserted claims.

The law is also clear that to be sufficient under *Twombly* and *Iqbal*, a patent infringement complaint must reasonably recite all claims that are allegedly asserted.   For instance, in *Macronix*, the plaintiff alleged that "one or more claims" of each of seven patents was infringed. *Macronix*, 4 F. Supp. 3d at 798.   The district court *sua sponte* ordered the plaintiff to amend its complaint that to "conform with the pleading requirements of *Twombly* and *Iqbal* and . . . recite[] the specific claim or claims which are alleged to be infringed."   *Id*. at 798-99.   In dismissing the

first amended complaint, the court reiterated that plaintiffs must specify exactly what claims are alleged to be infringed and how they are infringed. *Id*. at 803.

In this case, Philips' 10 asserted patents include 148 claims. Philips' FAC expressly asserts only 18 of these, alleging for each patent that HTC infringes "at least" these "example" asserted claims. For 7 of the 10 asserted patents, the FAC asserts no dependent claims whatsoever. In all instances, Philips leaves HTC to guess whether, and which of, the remaining 131 claims may be asserted somewhere down the road. Under *Macronix*, not to mention *Twombly* and *Iqbal*, this is insufficient.

### 3. Philips' "example" only allegations have prejudiced HTC's defense.

HTC's devices are publicly and readily available. Philips easily could have purchased these devices and tested them before filing its Complaint. Despite this, and even though much of the technology covered by the patents-in-suit can be tested on HTC's publicly-available devices, Philips has asserted only a handful of the claims recited in the asserted patents, and accused only a subset of the devices' functionalities. Philips has either failed to conduct its pre-suit due diligence, or is withholding notice of its allegations until after HTC has prepared its defenses, conducted prior art searches, and retained experts in this case. Regardless, this lack of notice is precisely what *Twombly*/*Iqbal* were designed to prevent.

For instance, Philips alleges that HTC infringes "at least" claims 1 and 12 of the '806 patent because the device supports MPEG-DASH video streaming technology that is utilized by certain third-party applications, "such as YouTube." (D.I. 16 at 90, 91.) This open-ended allegation leaves open the possibility that Philips may accuse other video applications such as the NetFlix application. Philips could have easily tested both of these applications on HTC's devices before filing the FAC but apparently did not do so. HTC should have fair notice of the third-parties that could be implicated by this case—particularly where the parties are as large as

YouTube and NetFlix.  HTC must carefully plan its discovery in a case this large.  Late notice of additional, major third-party discovery would prejudice HTC.  There is no reason why HTC should wait months to learn what discovery it needs where (as here) Philips could have easily provided fair notice in the FAC.

Similarly, Philips has not asserted a number of claims that it could have tested on HTC's publicly-available devices.  For instance, claim 5 of the '806 patent depends from claim 1, and adds only that the displayed media presentation must include video.  What other than HTC's publicly-available phones does Philips need to determine whether YouTube includes video?  Philips also alleges that the HTC One M8 infringes "at least claims 1 and 4" of the '913 patent because the device allegedly includes, *inter alia*, at least one key on a keypad.  (D.I. 16 at 43 and 44.)  Claim 9 of the '913 patent depends from claim 1, adding only that the at least one key and keypad must be displayed on a touchscreen.  Again, what else other than HTC's devices is required to determine whether they employ a touchscreen?  As another example, Philips alleges that the HTC One M8 infringes claim 1 of the '564 patent, which recites a touch-screen device having certain zoom capabilities.  (D.I. 16 at 155.)  Claims 3 and 4 of the '564 patent depend from claim 1, adding only the requirement that the device must also include a browser or wireless Internet access.  All of this could have been tested on any publicly-available device.

These deficiencies are not academic—to the contrary, they severely impact case management.  They leave HTC without the ability to analyze possible defenses related to third-party applications and components.  If, for instance, HTC has a licensing defense and needs to plan discovery of third parties in foreign countries because certain components or applications are accused, it is entitled to know that now, especially given the number of foreign suppliers HTC has and the long time period required by many of their home countries for Hague

Convention discovery.[2]  Alternatively, HTC may have indemnity rights, which may trigger counterparties to move to intervene.  All parties and the Court have an interest in having such matters resolved early.  Further, HTC needs to know what claims are asserted so that it can prepare its invalidity defenses, focus its prior art searches, and retain the proper consultants and experts without having to redo these efforts when Philips finally discloses all the claims it plans to assert.

Nevertheless, Philips has only pleaded a handful of theories and claims, while leaving open the possibility that others may be added to the case later.  *Twombly* and *Iqbal* dictate that Philips may pursue only the claims that it has shown are plausible at the pleading stage. Allowing Philips to proceed on claims it has not shown are plausible under *Twombly/Iqbal* threatens to prejudice HTC's defenses and timely conduct of the litigation.  The Court should dismiss the FAC and force Philips to plead all claims, products, and applications that it could (and should) have reasonably tested using publicly-available information before filing so as to satisfy *Twombly/Iqbal*.

**B.      Philips' contributory infringement allegations should be dismissed.**

Philips has failed to adequately plead indirect infringement of each of the asserted patents because Philips has failed to sufficiently allege direct infringement, as set forth above.

---

[2]  As one example, HTC has license and exhaustion defenses for several patents at issue under an agreement made between Philips and one of HTC's relevant suppliers.  Philips knew about this license, discussed it with HTC, and then carefully plead "for example" claims, apparently in an attempt to delay the disclosure of basic elements of its claim because those details are relevant to HTC's evaluation of these defenses.   Further, given independent claims regarding the background of the license that Philips has made in European proceedings between the parties, and depending on the scope of Philips' US case (which it is hiding), HTC is likely to have to seek discovery from foreign entities in Europe and Asia.  HTC should not have to wait  for Philips to reveal whether its "example" allegations drive a need for discovery that, right now, may significantly impact the schedule and scope of discovery the parties and the Court are planning.

In addition, Philips failed to properly plead contributory infringement.  Under 35 U.S.C. § 271(c), "a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a component of an infringing product 'knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.'"  *HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014).  To properly plead contributory infringement, therefore, the complaint must *inter alia* "plead facts that allow an inference that the *components* sold or offered for sale *have no substantial noninfringing uses.*"  *In re Bill of Lading*, 681 F.3d at 1337 (emphasis added).  "The reason that it is necessary to plead that the component has no substantial noninfringing uses is that the component alone does not directly infringe."  *HSM Portfolio*, 2014 WL 4468088, at *1.

Philips' FAC attempts to allege contributory infringement by parroting the requirements outlined under 35 U.S.C. § 271(c) for each of the 10 Patents-in-Suit in essentially the same manner:

> Upon information and belief, Defendants are aware that the [Accused Devices] have no substantial non-infringing use at least because the [Accused Functionality] or similar functionality included therein can only be used to infringe the [Patents-in-Suit].

(*See*, *e.g.*, D.I. 16 at ¶ 66.)

> Defendants have also contributorily infringed, and continue to do contributorily infringe, the [Patents-in-Suit] in violation of 35 U.S.C. § 271 by offering to sell or selling within the United States or importing into the United States the [Accused Devices] that include the [Accused Functionality] … Further, Defendants know that such functionality is not a staple article or commodity of commerce suitable for substantial, non-infringing use.

(*See*, *e.g.*, D.I. 16 at ¶ 68.)

First, Philips' FAC merely parrots the statutory language for substantial non-infringing use for each of the Patents-in-Suit and fails to plead any *facts* supporting the threadbare, conclusory statement that the accused HTC devices "are not staple articles or commodities of commerce suitable for substantial, non-infringing use." (*See, e.g.*, D.I. 16 at ¶ 50.)  Philips fails to allege any facts supporting why the accused HTC devices do not have substantial, non-infringing uses, and such failure warrants dismissal. *See, e.g.*, *Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. No. 12-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) (dismissing contributory infringement allegations because the "allegations about the infringing systems 'constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use' are supported by no facts"); *Pragmatus AV, LLC v. TangoMe, Inc.*, C.A. No. 11-1092-LPS, 2013 WL 571798, at *13 (D. Del. Feb. 13, 2013) (recommending dismissal of contributory infringement allegations because "the Complaint provides no detail that would flesh out the factual underpinnings supporting such [allegations]").

Nor can Philips' claims be saved by their conclusory allegations that the accused HTC devices can be used "by others, including consumers and other end users" to infringe the Patents-in-Suit. (*See, e.g.*, D.I. 16 at ¶ 68.)  Such allegations, even if accepted as true, would merely show that the accused products and services *may* be used to infringe, but are "not sufficient to allow a reasonable inference that, *inter alia*, these services and products have *no* substantial noninfringing uses." *Pragmatus AV*, 2013 WL 571798, at *13 (citing *In re Bill of Lading*, 681 F.3d at 1337–38) (emphasis in original).  Such allegations "say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading*, 681 F.3d at 1338.  This type of allegation is insufficient to state a claim for contributory infringement. *Id.*

Second, Philips' FAC fails to properly identify a "component" as defined in § 271(c). The claims of the Patents-in-Suit are directed to certain hardware and/or software that embody or perform the accused touchscreen and audio processing functionalities.  The FAC alleges that these claims are contributorily infringed by HTC's sale, offer to sell, or importation of "smartphones and tablet computers." (*See*, *e.g.*, at ¶ 68.)  These finished consumer devices, however, are the same devices accused of direct infringement, and thus cannot be a "component" for the purposes of § 271(c).

Courts in this District have repeatedly dismissed contributory infringement allegations for the same deficiency.  In *MIH International LLC v. Banyan Health Care Products Inc*, this Court dismissed a contributory infringement allegation because it did not make "legal sense."  No. 13-1330-RGA, slip op. at *2 (D. Del. May 28, 2014).  The Court noted: "The patent claims are apparatus claims.  Plaintiff alleges Defendant sells the apparatus . . . to others, who then resell it.  I do not see anything in the Amended Complaint from which I could infer that Plaintiff [sic] sells a component of a patented product."  *Id.*  The Court reached the same conclusion in *HSM Portfolio*.  In that case, the Court agreed with defendant Toshiba that "the accused semiconductor chips are not components especially designed for an infringing product because they are accused of direct infringement in and of themselves," and thus could not make "legal sense" of the plaintiffs' arguments.  *HSM Portfolio*, 2014 WL 4468088 at *1; *see also id.* at *1, n.1 ("Section 271(c) codified a common type of infringement, where a seller would sell a component that was itself not technically covered by the claims of a product or process patent but that had no other use except with the claimed product or process.") (quoting ROBERT L. HARMON, PATENTS AND THE FEDERAL CIRCUIT 553 (11 ed. 2013)).  Likewise, Philips has only alleged that HTC sells the

finished consumer device, not a component of the device, and therefore failed to plead sufficient facts.

**C.     Philips should not be granted leave to amend.**

Finally, Philips should not be granted leave to amend because, as noted above, any additional information they might add has been available to them since before they filed the original complaint.  As the Third Circuit has repeatedly noted, failing to include such information in an amended complaint constitutes "undue delay" and warrants denial of leave to amend.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) ("Delay may become undue when a movant has had previous opportunities to amend a complaint."); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3d Cir. 1998) (affirming denial of leave to amend because plaintiffs had already amended their complaint and thus "had ample opportunity to plead their allegations properly and completely"); *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) (affirming denial of leave to amend and noting that "[plaintiff] is not seeking to add claims it inadvertently omitted from its prior complaints or which it did not know about earlier.  Rather, [plaintiff] is modifying its allegations in hopes of remedying factual deficiencies in its prior pleading").

## VI.     Conclusion

For the foregoing reasons, HTC respectfully request that the Court grant this motion to dismiss the FAC.

Respectfully submitted,

/s/ Nathan R. Hoeschen

OF COUNSEL:                                 John W. Shaw (No. 3362)
John Schnurer                               Karen E. Keller (No. 4489)
Kevin Patariu                               Andrew E. Russell (No. 5382)
Ryan Hawkins                                Nathan R. Hoeschen (No. 6232)
Louise Lu                                   SHAW KELLER LLP
Vinay Sathe                                 300 Delaware Avenue, Suite 1120
PERKINS COIE LLP                            Wilmington, DE 19801
11988 El Camino Road, Suite 350             (302) 298-0700
San Diego, CA 92130                         jshaw@shawkeller.com
(858) 720-5700                              kkeller@shawkeller.com
                                            arussell@shawkeller.com
Ryan McBrayer                               nhoeschen@shawkeller.com
Jonathan Putman                             *Attorneys for Defendants*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

Dated: April 28, 2016