# Exhibit C

**E-Filed 3/11/2010**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GREGORY BENDER,<br><br>                Plaintiff,<br><br>      v.<br><br>LG ELECTRONICS U.S.A., INC., a Delaware corporation, NEC CORPORATION OF AMERICA, a Delaware corporation, PIONEER ELECTRONICS (USA) INC., a Delaware corporation, and SHARP ELECTRONICS CORPORATION, a New York Corporation,<br><br>                Defendants. | Case Number C 09-02114 JF (PVT)<br><br>ORDER DISMISSING ACTION AND GRANTING LEAVE TO AMEND FIRST AMENDED COMPLAINT<br><br>[re: docket nos. 46, 49] |

## I. BACKGROUND

Plaintiff Gregory Bender ("Bender") filed the instant action on May 14, 2009, alleging that Defendants LG Electronics U.S.A. ("LG"), Inc., NEC Corporation of America ("NEC"), Pioneer Electronics (USA) Inc. ("Pioneer"), and Sharp Electronics Corporation ("Sharp") performed acts and induced others to perform acts that infringe upon one or more claims of U.S. Patent No. 5,103,188' (the "'188 Patent") in violation of 35 U.S.C. Section 271. The '188 Patent

expired on August 4, 2009, and the instant action is the last of more than twenty infringement lawsuits Bender filed in this district in 2009.[1] On October 7, 2009, Pioneer moved to dismiss Bender's claim with prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 41(b), based upon Bender's failure to serve Pioneer with the complaint within 120 days. On October 29, 2009, Sharp moved to dismiss the complaint pursuant to Rule 12(b)(6). On December 3, 2009, the day before the scheduled hearing, Bender filed an amended complaint ("FAC"). Bender's last-minute filing of its amended complaint mooted Sharp's pending motion to dismiss but had no effect on Pioneer's motion to dismiss.[2] On December 7, 2009, the Court granted Pioneer's motion to dismiss without prejudice, allowing Bender to serve Pioneer with a summons and FAC pursuant to Fed. R. Civ. P. 4(m).

On December 17, 2009 and December 21, 2009, Defendants Sharp and NEC, respectively, each filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim or in the alternative for a more definitive statement. On January 12, 2010, LG joined in each motion. Bender opposes the motions. After reviewing the arguments presented

---

[1] *Gregory Bender v. Exar Corporation*, C 09-01140 WHA; *Gregory Bender v. Micrel, Inc.*, C 09-01144 SI; *Gregory Bender v. DSP Group, Inc.*, C 09-01145 JW; *Gregory Bender v. Broadcom Corporation*, C 09-01147 MHP; *Gregory Bender v. Advanced Micro Devices, Inc.*, C 09-01149 MMC; *Gregory Bender v. Trident Microsystems, Inc.*, C 09-01150 RMW; *Gregory Bender v. National Semiconductor Corporation*, C 09-01151 JSW; *Gregory Bender v. Maxim Integrated Products, Inc.*, C 09-01152 SI; *Gregory Bender v. Linear Technology Corporation,* C 09-01154 SBA; *Gregory Bender v. Intersil Corporation,* C 09-01155 CW; *Gregory Bender v. Freescale Semiconductor, Inc.*, C 09-01156 MEJ; *Gregory Bender v. STMicroelectronics Corporation*, C 09-01244 MHP; *Gregory Bender v. Motorola, Inc.*, C 09-01245 SBA; *Gregory Bender v. Sony Corporation of America*, C 09-01246 CRB; *Gregory Bender v. Nokia Inc.*, C 09-01247 MMC; *Gregory Bender v. Siemens Corporation*, C 09-01248 SI; *Gregory Bender v. International Business Machines Corporation*, C 09-01249 RMW; *Gregory Bender v. Agilent Technologies, Inc.,* C 09-01250 JF; *Gregory Bender v. Cirrus Logic, Inc.*, C 09-01251 RMW; *Gregory Bender v. AT&T Corporation, et al.*, C 09-01530 WHA; *Grego*ry *Bender v. Hitachi, et al.*, C 09-01532 PJH; *Gregory Bender v. Seagate Technologies, et al.*, C 09-01533 PJH; *Gregory Bender v. Infineon Technologies North America Corp., et al.*, C 09-02112 JW; and *Gregory Bender v. LG Electronics U.S.A. Inc., et al.*, C 09-02114 JF.

[2] Pursuant to Fed. R. Civ. P. 15(a), a plaintiff may file an amended complaint as a matter of right. *See Wentner v. Ridgewood Energy Corp.*, 62 F.3d 1427, 1995 WL 470866, at *1, n. 1(9th Cir. 1995) (concluding that defendant's motion to dismiss the proceeding complaint was rendered moot when plaintiff submitted an amended complaint).

in the moving papers and at the hearing on February 26, 2010, the Court concludes that Bender has failed to allege sufficiently a claim for infringement of the '188 Patent. Accordingly, the motions to dismiss will be granted, with leave to amend.

## II. LEGAL STANDARD

Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In ruling on such a motion, the court construes the complaint in the light most favorable to the plaintiff and takes all material allegations in the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Yet even under this liberal pleading standard, a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief'..., and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. , 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556-57).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). Under Fed. R. Civ. P. 12(e), "[i]f a pleading … is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for a more definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). In general, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

3

# III. DISCUSSION

## A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants argue that the FAC fails to meet the Rule 8 pleading standard articulated in *Iqbal* and *Twombly*. According to Defendants, Bender makes conclusory allegations that Defendants have infringed the '188 patent by "making, using, offering for sale and/or selling" products that contain or utilize a certain, high-speed analog circuit, specifically a "buffered transconductance amplifier" commonly known as a "current feedback amplifier," a "high-gain current feedback amplifier," or a "voltage feedback amplifier." *See* FAC ¶¶11, 16, 21, 26. In the FAC, Bender identifies categories of products produced by Defendants that contain the allegedly infringing technology. These include, for example,

> without limitation, cell phones, computers, network drivers, high definition television sets, ultrasound machines, MRI machines, lab equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives, ADC/DAC converters, DVD-RW players, DSL modems, CCD cameras, satellite communication technology, and other products where high performance, high speed analog circuits are used, and/or components thereof...; *Id.*

With respect to each Defendant, Bender provides a list of allegedly infringing products, "by way of example and without limitation," such as

> LG Electronics Mobile Phones, Plasma TVs, Liquid Crystal Display TVs, Micro Display Panel TVs, Monitors, PDP Modules, OLED Panels, Flat Panel Computer Monitors, Home Theater Systems, Blu-ray Disc Players, DVD Recorders, Super Multi DVD Rewriters, CD±RW, Notebook PCs, Desktop PCs, PDAs, PDA Phones, MP3 Players, New Karaoke Systems, and Car Infotainment. *Id.* ¶11.

As noted by Defendants, however, these lists of products are non-specific and fail to identify any single product by name or number. Defendants contend that an analysis of the plausibility of Bender's claims of patent infringement is impossible without identification of the allegedly infringing product(s). *See, e.g.,* Sharp's MTD 8:20-9:10. Defendants argue the complaint lacks sufficient factual context, such as the "means by which" infringement is alleged, to "allow[] the court to draw the reasonable inference that the defendant is liable...." *See Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556-57).

Bender argues that the FAC conforms to the pleading requirements of the Federal Rules, as demonstrated by the appended Form 18, entitled "Complaint for Infringement of Patent."

1    Form 18 is an example of a complaint for patent infringement with allegations addressing

2    jurisdiction, patent issuance and ownership, infringement, and notice to the infringer of the

3    infringement – all of which are alleged in the FAC. Pl.'s Opp'n to MTD, 10:4-11:6. Bender

4    argues that *Twombly* and *Iqbal* were not intended "to abrogate and invalidate the official forms,"

5    including Form 18, and cites Federal Circuit authority from 2007 reaffirming the validity of Form

6    18. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (finding plaintiff

7    pled facts sufficient to put defendant on notice by describing the means by which defendant

8    allegedly infringed, in conformity with Form 16 (now Form18)). In particular, *McZeal* held that

9    "a plaintiff in a patent infringement suit is not required to specifically include each element of the

10   claims of the asserted patent." *Id.*

11       *McZeal* is unhelpful to Bender for several reasons. First, *McZeal* was decided after

12   *Twombly* but before *Iqbal*. *Iqbal* revisited *Twombly* and provided a workable, two-pronged

13   framework for evaluating the sufficiency of a complaint under Rule 8. Under the first prong, the

14   court must distinguish factual allegations, which at the pleading stage must be taken as true, from

15   "legal conclusion[s] couched as a factual allegation[s]," which the court "is not bound to accept

16   as true." *Iqbal*, 129 S.Ct. at 1949-50. Under the second prong, the court must evaluate whether

17   the factual allegations present a "plausible claim for relief." *Id.* Determining plausibility is a

18   "context-specific task that requires the reviewing court to draw on its judicial experience and

19   common sense." *Id.* As noted earlier, Bender has filed numerous similar suits against other

20   defendants, all of which are large companies that design and manufacture a wide range of

21   consumer electronics. By pointing to broad categories of products with respect to which he has a

22   "good faith belief" in the "very substantial likelihood of infringement," Bender simply does not

23   state a "plausible claim for relief." *See* Pl.'s Opp'n to MTD, 8:23-25. Common sense requires

24   more specific identification of the products in any given product category that are allegedly

25   infringing.

26       This conclusion is supported by the facts of *McZeal* itself. In *McZeal*, the plaintiff did

27   identify the specific product (the Motorola i930 "International Walkie Talkie Machine") that

28   allegedly infringed the patent. *See McZeal*, 501 F.3d at 1357. In holding that a plaintiff need not

5

"specifically include each element of the claims of the asserted patent," the court was addressing how much legal analysis had to be set forth in the complaint, not the amount of factual detail necessary to describe the means of the alleged infringement.[3] The court referred expressly to *Twombly* for the proposition that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Id.* In this case, Defendants have been given a long list of allegedly infringing product *types*, any one of which might contain "thousands - if not millions - of electrical circuits, which may be spread across many chips." Sharp's Reply re MTD 2:2-4. Plaintiff does provide some guidance by limiting the allegations to products within the named categories that "consist of, comprise, and/or contain at last one circuit, silicon or otherwise, which contains and/or utilizes at least one buffered transconductance amplifier (commonly known in the analog electronics industries as a 'current feedback amplifier,' a 'high-gain current feedback amplifier,' or a 'voltage feedback amplifier' as the case may be)...." FAC ¶ 26. However, without identifying specific products or product parts, Bender has not put Defendants on notice as to what products or parts are subject to the infringement claim.

Several recent district court cases have held that the factual allegations in a patent infringement complaint must identify the specific products accused. *See Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S. Dist. LEXIS 26092 at *6 (N.D. Cal. Sept. 6, 2003) (dismissing without prejudice plaintiff's complaint that defendant's "software and hardware products" infringed the patent, because defendant implemented "150 core technology platforms" in "over 4000 end-use application products" and the allegations did not provide defendant with "fair notice" as to what claims to defend); *Bender v. Nat'l Semiconductor Corp.*, 2009 U.S. Dist. LEXIS 113506 at *6-7 (N.D. Cal. Dec. 7, 2009) (dismissing similar complaint by Bender for providing insufficient facts to state a claim, but granting leave to amend where Bender had proposed including a list of defendant's infringing products by product number); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 83715 at *4-8 (N.D. Cal. Sept. 14,

---

[3] The court also may have been more lenient in accepting the allegations as sufficient because the plaintiff was not represented by counsel. *McZeal*, 501 F.3d at 1358 (noting that the pleading "met the low bar for *pro se* litigants to avoid dismissal on the basis of Rule 12(b)(6)").

6

2009) (dismissing with leave to amend Apple's infringement counterclaims that identified "touch sensitive input devices or touchpads, including but not limited to the Smart-Pad" for "failure to allege sufficient facts" under *Twombly* and *Iqbal*); *Tseng v. Marukai Corp. U.S.A.*, 2009 U.S. Dist. LEXIS 112124, at *3 (C.D. Cal. Nov. 13, 2009) (dismissing with leave to amend plaintiff's complaint that provided only conclusory allegations of infringement by "selling goods" and came with an attached sales receipt purportedly identifying the infringing good); and *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. Aug. 13, 2007) (dismissing with leave to amend plaintiff's complaint that "failed to plead any further facts beyond a bare statement of direct and indirect infringement" as insufficient under *Twombly*).

In contrast, recent district cases denying a defendant's motion to dismiss for failure to state a claim have involved significantly more specific factual allegations of infringement. In *Rambus, Inc. v. Nvidia Corp.*, 2008 WL 4911165 at *2-3 (N.D. Cal. Nov. 13, 2008), plaintiff alleged patent infringement by specific product lines ("chipsets, graphics processors, media communication processors, multimedia applications processors and/or products that are part of [defendant's] 'GeForce,' 'Quador,' 'nForce,' 'Tesla,' 'Tegra,' and/or 'Go-Force' product lines") that contained specific memory controllers ("including SDR (Single Data Rate) memory controllers, DDR (Double Data Rate) memory controllers, DDRx memory controllers (where DDRx includes DDR2 and DDR3)..."). The court found the allegations were sufficient to state a claim under Rule 8(a) and *Twombly*. *Id.* at *6. In *Bender v. Broadcom Corp.*, 2009 U.S. Dist. LEXIS 101044 at *11-12 (N.D. Cal. Oct. 30, 2009), another case brought by Bender based upon the '188 patent, the court sustained Bender's second amended complaint as "(barely) adequate to meet the hurdle of Rule 8," but only after Bender included a "list of seventy-eight specific products and product lines alleged to infringe." Although the defendants argued that Bender's allegations and seemingly all-inclusive list were overbroad and too general in nature, the court found that "there is nothing inherently implausible about an allegation that a large number of a defendant's product lines infringe the patent...." *Id.* at *12. While it was extensive, this list of products was specific and named actual computer chips designed by the defendant that were alleged to infringe. *But see Bender v. Nokia Inc.*, 2009 U.S. Dist. LEXIS 92482 (N.D. Cal. Oct.

7

1   2, 2009) (finding Bender's similar complaint against another defendant to be pled "in conformity

2   with the Federal Rules of Civil Procedure Appendix of Forms," Form 18, and thus sufficient

3   under *McZeal* to provide defendant notice of the claim); *see also Advanced Analogic*

4   *Technologies, Inc. v. Kinetic Technologies, Inc.*, 2009 U.S. Dist. LEXIS 57953 (N.D. Cal. July 8,

5   2009) (same).

6    While the Court recognizes the lack of complete uniformity in recent district court

7   authority it finds persuasive those decisions requiring enough specificity to give the defendant

8   notice of what products or aspects of products allegedly infringe, and respectfully disagrees with

9   the analysis of the court in *Bender v. Nokia, Inc.*, which did not discuss the sufficiency of the

10  factual allegations in light of *Twombly* and *Iqbal*. As several courts have noted, it is difficult to

11  reconcile the guidelines set forth in *Twombly* and *Iqbal* with Form 18. The court in *Elan*

12  *Microelectronics* reasoned that Form 18 is not intended to cover all manners of patent

13  infringement, in that it "only provides an example of how direct patent infringement may be

14  alleged ...." 2009 U.S. Dist. LEXIS 83715 at *4. Similarly in *Hewlett-Packard v. Intergraph*, the

15  court explained that the example in Form 18 is "limited to a single 'type' of product" and

16  "simply does not address a factual scenario" involving a multitude of allegedly infringing

17  products. *See* 2003 U.S. Dist. LEXIS 26092 at *6.

18   In his opposition papers, Bender proposes filing a second amended complaint ("SAC")

19  containing language that purports to address the stated concerns of the Defendants. This language

20  would identify the referenced applications of the '188 Patent that allegedly appear in Defendants'

21  products, such as by naming a product category "in which such Sharp products there are analog

22  to digital converters, digital to analog converters, phase lock loops, line drivers, analog video

23  amplifiers, analog radio frequency amplifiers, and DVD read-write heads." Pl.'s Opp'n to

24  Sharp's MTD 9:23-25. Bender also filed a declaration in opposition to the motion to dismiss that

25  utilizes similar language to describe the use of high-speed analog amplifiers in numerous product

26  lines owned by Sharp. *See* Decl. of Steven Kuhn.

27   Defendants argue that the proposed language still fails to provide sufficient factual

28  allegations and only provides a conclusory argument that "all [the above cited] applications

8

require high-speed analog amplifier performances."[4] (citing Pl.'s Opp'n to MTD 8:9-13).
Defendants also contend that Bender's inability to provide more specific identification of the
allegedly infringing products represents a failure under Rule 11 to analyze and apply the claims
of his patent to an accused product before filing suit to determine if there is a reasonable
possibility of proving infringement. *See View Eng'g v. Robotic Vision Sys., Inc.*, 208 F.3d 981,
986 (Fed. Cir. 2000) (upholding Rule 11 sanction for a failure to, "at a bare minimum, apply the
claims of each and every patent that is being brought into the lawsuit to an accused device and
conclude that there is a reasonable basis for a finding of infringement of at least one claim of
each patent so asserted."). Finally, Defendants argue that this failure should not result in a shift of
the pre-filing investigation burden, which would effectively require them to "scour through
thousands - if not millions - of circuits in huge devices such as cable modes and mobile phones
to try to identify which devices contain the circuits Bender might be accusing."[5] Sharp's Reply re
MTD, 12:11-18.

The Court is limited to basing a 12(b)(6) determination on the facts alleged in the
operative pleading, and thus may not consider at this time declarations filed in opposition to a
motion to dismiss. Likewise, the Court cannot rule on the adequacy of the proposed SAC, which
is included in the text of Bender's opposition brief and is not properly before the Court. Based
solely upon the facts alleged in the FAC, Bender's infringement claim fails to provide a
"plausible claim for relief" under *Twombly* and *Iqbal*. As discussed herein, Bender must do more

---

[4] Defendant NEC strongly contends that the proposed amendment is insufficient, and any
future amendment will prove futile, based upon the fact that several courts have thus far found
Bender's preliminary infringement contentions be insufficient and have granted defendants'
motions to compel. NEC cites *Bender v. Micrel Inc.*, No. 09-CV-1133 SI (N.D. Cal. February 6,
2010), *Bender v. Advanced Micro Devices, Inc.*, No. 09-CV-1149 MMC (N.D. Cal. February 1,
2010), *Bender v. Intersil Corp.*, No. 09-CV-1155 CW (N.D. Cal. October 29, 2009), and *Bender
v. Int'l Bus. Machs. Corp.*, No. 09-CV 1249 RMW (N.D. Cal. November 13, 2009).

[5] The court may have averted this scenario in *Bender v. Broadcom Corp.* by postponing
the due date of Broadcom's answer until after Bender's service of his infringement contentions.
Sharp's Reply re MTD, fn.2; *Broadcom*, 2009 U.S. Dist. LEXIS 101044 at *12 ("The court
anticipates that the scope of the action will become more focused with the filing of infringement
contentions.")

9

than allege conclusorily the means by which Defendants are infringing on his '188 Patent and provide fair notice to Defendants of the specific infringements alleged. Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim that the named products are infringing. Without varying significantly from the rubric of Form 18, and without placing a heightened pleading burden on the plaintiff or requiring the plaintiff to plead every detail of his infringement claim, such allegations would provide enough specificity for the defendant to formulate a response. Such a pleading would permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S.Ct. at 1949.

**B. Motion for a More Definitive Statement**

Because it will grant Defendants' motions to dismiss with leave to amend, the Court need not address Defendants' alternative motion for a more definite statement.

**IV. ORDER**

Good cause therefor appearing, the motion to dismiss pursuant to Rule 12(b)(6) is GRANTED, with leave to amend. Any amended complaint shall be filed within thirty (30) days of the date of this order.

IT IS SO ORDERED.

DATED: March 11, 2010

_____
JEREMY FOGEL
United States District Judge

10